**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL MICHAEL POHL, | ) | |
| | ) | CIVIL ACTION NO. 13-00930 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE ARTHUR J. SCHWAB |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report as requested by the Court in its July 18, 2013 Order.

1. On August 6, 2013 at 10AM, representatives for both parties attended a preliminary attorney meeting at Jones Day's Washington Office. At the meeting, the parties discussed the Plaintiff's September 28, 2012 Freedom of Information Act ("FOIA") requests and the Government's efforts in response to those requests. The issues addressed at the meeting and the parties' efforts to resolve those issues are summarized below.

2. During the preliminary attorney meeting, the Government explained that due to the breadth of the FOIA requests as written, the requests were forwarded to seven separate U.S. Department of Health and Human Services ("HHS") components.[1] The Government represented that in order to respond to the request as currently written, HHS would be required to process in excess of 7.6 million pages of documents, a process which would likely take at least five years. Furthermore, given the existing FOIA workload, processing within each of the seven

[1] An eighth component to which the request was forwarded, the National Institutes of Health, located no responsive documents and has not been named as a Defendant.

components would not begin until Plaintiff's requests rose to the top of that component's FOIA processing queue. In addition, the Government explained that a substantial volume of the documents requested would likely fall within the scope of an applicable FOIA exemption.

3. In order to diminish the burden and time required to process Plaintiff's FOIA requests, while attempting to provide Plaintiff with a meaningful number of non-exempt, responsive documents of greatest interest to Plaintiff, *i.e.*, those with a nexus to the contraceptive coverage requirement under the Affordable Care Act, the Government proposed a narrowing of the requests. The proposal had two separate components:

a. First, the Government proposed that for four of the seven HHS components, HHS limit its production to responsive, non-exempt documents already gathered which have some nexus to the Affordable Care Act. This proposal was based on the Government's representation that these four components—the (i) Indian Health Service, (ii) the Program Support Center, (iii) the Administration for Children and Families, and (iv) the Centers for Disease Control and Prevention—had identified few, if any, responsive documents related to the contraceptive coverage requirement or the Affordable Care Act. The Government explained that the additional responsive documents identified were unrelated to either the Affordable Care Act or the contraceptive coverage requirement and, due to the volume of such documents, would take substantial time to process and produce to Plaintiff.

b. Second, the Government proposed that for the remaining three HHS components, (i) the Office of the Secretary, (ii) the Centers for Medicare and Medicaid Services, and (iii) the Health Resources and Services Administration, HHS's production in response to Plaintiff's FOIA requests be limited to seven specified categories of documents. The Government represented that narrowing the scope of the requested documents from these three

components to its proposed categories would reduce the amount of time required to process the FOIA request and should also result in a more limited number of redactions under a claimed FOIA exemption.

c. The relevant HHS components are currently finalizing estimates for review and production of documents under the Government's narrowing proposal, taking into consideration the counter-proposal received from Plaintiff on August 15, 2013. HHS is amenable to negotiating a reasonable production schedule with Plaintiff for documents responsive to narrowed requests.

4. On August 15, 2013, Plaintiff sent his response to the Government's proposal.

a. For (i) Indian Health Service; (ii) Program Support Center, (iii) Administration of Children and Families, and (iv) Center for Disease Control and Prevention, Plaintiff has expressed that he is agreeable to considering a limitation of the scope of responsive documents to those with a nexus to the U.S. Government Mandate. At the preliminary attorney meeting, the Government represented that these four component entities ran searches for responsive documents, however, these component entities have not produced any documents to date. Plaintiff has requested that these component entities run updated searches for documents which have a nexus to the U.S. Government Mandate and are responsive to Plaintiff's FOIA requests. Because the number of responsive documents is likely to be much lower, Plaintiff has requested that documents be produced promptly and without redactions.

b. For the other three component entities, Plaintiff has made counter-proposals to each of the Government's seven proposed categories and has also requested that keyword and domain searches be performed for documents relating to specified organizations. Additionally, Plaintiff has requested that the business and personal records of top U.S.

Department of Health and Human Services officials be included in searches for responsive documents and that searches be performed under a revised timetable. Plaintiff has also requested specifics on the timetable for production including the timing and process for any claimed exemptions and how that will impact the date of production. Plaintiff anticipates that production from these component entities will proceed without redactions and expeditiously.

c. Plaintiff has also requested that the Government produce the rulemaking record for the Final Rules promulgated at 78 Fed. Reg. 39,870 (July 2, 2013). At the preliminary attorney meeting, the Government indicated that, in other litigation, it was working to assemble this rulemaking record by the end of August 2013. Additionally, Plaintiff has requested documents produced by the Government in some of the related FOIA lawsuits involving the Affordable Care Act identified by the Government in its letter to the Court dated July 24, 2013.

d. The Government has not yet proposed a timetable for completing searches, reviewing documents, or production of responsive documents. In Plaintiff's view, all responsive documents should be produced, with or without redactions, by the end of 2013.

5. The parties will continue discussing each other's proposals and will be prepared to update the Court on September 11, 2013. The parties' negotiations may resolve some or all of the issues relating to the Government's response to Plaintiff's September 28, 2012 FOIA requests.

6. The following individuals will attend the September 11, 2013 status/settlement conference as individuals who "are personally knowledgeable about the nature and quantity of the documents requested and who have full authority to engage in a meaningful settlement meeting."

a. For Plaintiff:

(1) John D. Goetz, Partner, Jones Day

(2) Ira M. Karoll, Associate, Jones Day

(3) Mary Pat Stahler, Associate, Jones Day

b. For Defendants, the following two individuals will attend the September 11, 2013 conference:

(1) M. Andrew Zee, Attorney, U.S. Dept of Justice

(2) Christopher Hammond, Attorney, General Law Division, Office of the General Counsel, U.S. Dept. of Health and Human Services

It is furthermore anticipated that the following three individuals will also attend the September 11, 2013 conference:

(3) Robert Eckert, Supervisory Government Information Specialist, Office of the Secretary, U.S. Dept. of Health and Human Services

(4) Deborah J. Peters, Government Information Specialist, Centers for Medicare and Medicaid Services, U.S. Dept. of Health and Human Services

(5) Thomas Flavin, Freedom of Information Officer, Health Resources and Services Administration, U.S. Dept. of Health and Human Services

Dated: August 16, 2013.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
DAVID J. HICKTON
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Andrew Zee
M. ANDREW ZEE (CA Bar #272510)
Attorney

/s/ John D. Goetz
John D. Goetz (PA ID No. 47759)
Ira M. Karoll (PA ID No. 310762)
Mary Pat Stahler (PA ID No. 309772)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh PA 15219-2514
Phone: (412) 391-3939
Fax: (412) 394-7959

*Attorneys for Plaintiff*

Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW, Room 7314
Washington, DC 20530
Phone: (202) 305-8648
Fax: (202) 616-8470

*Attorneys for Defendants*