IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL MICHAEL POHL, | ) |
|                        PLAINTIFF, | ) CIVIL ACTION NO. 13-00930 <br> ) |
| v. | ) <br> ) JUDGE ARTHUR J. SCHWAB |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., | ) <br> ) |
|                        DEFENDANTS. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
<u>MOTION FOR A STAY OF ALL DEADLINES</u>**

Plaintiff opposes Defendants' request for a stay of all deadlines in the above-captioned case.

1.    It is essential that Plaintiff receive documents according to the detailed, carefully-negotiated schedule set out in the September 25, 2013 Joint Status Report and October 2, 2013 Consent Order.  Plaintiff's Freedom of Information Act ("FOIA") requests have been pending for well over *one year*.  Since that time, Plaintiff has received a total of *seven pages* of documents responsive to his FOIA requests.  All of these delays have been of Defendants' making.

2.    Despite Defendants' absolute failure to meet their statutory obligations to respond to Plaintiff's FOIA requests, Plaintiff agreed to work with Defendants to narrow the requests in a way that would be less burdensome on the U.S. Department of Health and Human Services.  Plaintiff then spent hundreds of hours negotiating an agreed-upon timetable with Defendants for production of documents responsive to the narrowed requests.  In light of

1

Defendants' extreme delay and Plaintiff's willingness to forgo a substantial number of documents in order to reduce the burden on the U.S. Department of Health and Human Services, Defendants cannot now, reasonably, request even more time to resolve the problems they have created.  Plaintiff cannot, and should not have to, agree to extend the production schedule.

      3.      Additionally, it is important to begin Defendants' production on October 18 and 25, 2013 so Plaintiff can begin identifying issues with any redactions and/or exemptions that may be claimed by Defendants.  Plaintiff will need time to analyze and determine whether to challenge those exemptions.

      4.      Plaintiff's need for responsive documents relating to the issuance of the U.S. Government Mandate has been highlighted by recent developments.  Just last week, Plaintiff learned that top officials within the Internal Revenue Service communicated with senior White House officials on the scope of the U.S. Government Mandate and religious employer exemption.  In these communications, top Internal Revenue Service officials disclosed confidential taxpayer information concerning religious entities identical or similar to those Plaintiff represents on a *pro bono* basis.  *See* Patrick Howley, "White House, IRS exchanged confidential taxpayer info" (October 9, 2013), The Daily Caller, http://dailycaller.com (Exhibit 1).  Plaintiff notes that the emails obtained from the Internal Revenue Service on this issue had numerous redactions.

      5.      The clients that Plaintiff represents on a *pro bono* basis face imminent enforcement of the U.S. Government Mandate, which takes effect on January 1, 2014.  The Government has offered no flexibility on this deadline.  Rapid resolution of the pending litigation and production of documents on the timetable the parties have agreed upon is essential.

6.  If Defendants will agree to extend the existing safe harbor from compliance with the U.S. Government Mandate beyond January 1, 2014, Plaintiff would be amenable to a commensurate extension of the deadlines in this litigation.  Plaintiff proposed this to Defendants, and they did not agree.  Once again, Defendants show no flexibility.  They seek to make Plaintiff (and his *pro bono* clients) pay for their shortcomings and the situation they themselves have created.

7.  In denying a similar motion to stay in a related proceeding involving a challenge to the merits of the U.S. Government Mandate, the United States District Court for the District of Columbia held that, "[i]n light of the irreparable harm alleged, the impending time sensitive mandate, and defendants' refusal to delay enforcement of the mandate as to the plaintiffs in this case … an indefinite stay would be incompatible with the fair administration of justice." *Roman Catholic Archbishop of Washington v. Sebelius*, No. 1:13-cv-01441 (D.D.C. October 3, 2013) (Dkt. 10); *see also Priests For Life v. U.S. Dep't of Health and Human Services*, No. 1:13-cv-01261 (D.D.C. Oct. 2, 2013) (Dkt. 11).  The same concerns exist here, especially given Defendants' extreme – and inexcusable – delay in responding to Plaintiff's FOIA requests submitted back on September 28, 2012.

8.  Accordingly, Plaintiff respectfully opposes Defendants' Motion for a Stay of All Deadlines.

Dated: October 14, 2013

                                                Respectfully submitted,

                                                 */s/ John D. Goetz*
                                                John D. Goetz (PA ID No. 47759)
                                                Ira M. Karoll (PA ID No. 310762)
                                                Mary Pat Stahler (PA ID No. 309772)

JONES DAY
500 Grant Street – Suite 4500
Pittsburgh, PA 15219
(412) 391-3939
(412) 394-7959 (fax)
*Counsel for Plaintiff*