IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL MICHAEL POHL,

      Plaintiff,                                13cv0930
                                                **ELECTRONICALLY FILED**

      v.

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, ET AL.,

      Defendants.

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion for a Stay of All Deadlines in Light of Lapse in Appropriations (doc. no. 23), Plaintiff's Opposition to said Motion (doc. no. 24) and Defendants' Reply. Doc. no. 27. This matter is ripe for adjudication.

The Court notes that this Freedom of Information Act ("FOIA") case was filed on July 1, 2013, and on July 10, 2013, the Court ordered that the parties' chief trial counsel personally attend a status conference on July 18, 2013. See text Order dated 07/10/2013. The chief trial counsel for Plaintiff attended as did chief trial counsel for the United States Department of Health and Human Services, et al., and during that hour-long conference, counsel for both parties agreed to meet face-to-face in Washington, D.C., for the purpose of working toward an agreement as to the universe of documents that would be produced by the Defendants in response to Plaintiff's FOIA request. Plaintiff's initial FOIA request was made on September 28, 2012.

On August 6, 2013, chief trial counsel for the parties met face-to-face in Washington D.C., and a joint status report was filed on August 16, 2013, describing in detail the large body

of work that the attorneys had performed during and subsequent to their meeting.  See doc. no. 16.

On September 11, 2013, chief trial counsel attended a second status conference and at that time apprised the Court that, notably, Plaintiff's counsel had significantly curtailed Plaintiff's document requests in order to obtain a proposed Consent Order as to the scope and timing of the production of documents from Defendants.  In other words, Plaintiff's counsel conceded scope for timing – a more prompt production.

In light of the reports made by chief trial counsel for both parties during the status conference, and the given the fact that the parties presented that a joint proposed Consent Order would soon be provided to the Court, the Court entered a Case Management Order establishing deadlines for filing of various Motions related to any potential exemption and redaction issues which might arise in the future.  Doc. no. 19.

On September 25, 2013, the Court received a Joint Status Report from the parties which outlined the agreed upon terms concerning the production of documents and the time-table for their production.  Doc. no. 20.  "Joint Exhibit A" to the Joint Status Report was a very detailed chart of the categories of documents which would be produced, as well as the parties' agreed-upon timeframes for the production and processing of documents within each category.  Doc. no. 20-3.  "Joint Exhibit A" exemplifies the many man-hours spent by many individuals to date in this case, working in good faith, and therefore, a copy of "Joint Exhibit A" will be appended to this Order of Court.

The Court finds that the parties to this action and their attorneys have collectively engaged in lengthy, detailed, and extremely fruitful labors which have resulted in the current

state of this case.  The Court is loath to grant any Motion by any party which would derail the work that has been done to date and impede this litigation.

THEREFORE, this 16th day of October, 2013, upon Defendants' Motion for a Stay of All Deadlines in Light of Lapse in Appropriations, Plaintiff's Response/Opposition, and Defendants' Reply, and for lack of good cause, the Court hereby orders that:

1. Defendants' Motion is DENIED; and

2. This case and all deadlines previously set forth by Court Order and Consent Order remain in full force and effect.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:   All Registered ECF Counsel and Parties